No. 2407
Second Circuit

---

E. V. DURBIN v. W. B. WILLIAMS

---

(December 1, 1925, Opinion and Decree)

---

(*Syllabus by the Editor.*)

1. **Louisiana Digest—Appeal—Par. 625.**
The finding of the trial judge on questions of fact, namely, as to just what constituted the partnership agreement in question and how it was executed, being eminently correct, is affirmed.

Appeal from Fifth Judicial District Court of Louisiana, Parish of Carroll. Hon. John R. McIntosh, Judge.

This is a suit brought to effect a settlement of partnership and to recover an alleged balance.

There was judgment for plaintiff and defendant appealed.

Plaintiff answered the appeal asking that the amount of judgment be increased.

Judgment affirmed.

R. R. Reeves, of Harrisonburg, attorney for plaintiff, appellee.

D. J. Anders, M. C. Redmond, of Monroe, attorneys for defendant, appellant.

ODOM, J. Plaintiff and defendant en-entered into a partnership agreement to the

effect that they should purchase a certain tract of standing timber and cut, log and sell the same, the price of the timber and the expense of cutting and logging it to be paid from the proceeds of the sale of the logs, the net profits to be divided equally between them.

The timber was purchased, cut and sold and a profit made on the transaction, but a dispute arose between the parties as to whether certain items of expense paid by Williams and charged against the partnership should be deducted from the total proceeds of the sale, the plaintiff claiming that said items of expense should not be charged.

The plaintiff brought this suit demanding a settlement of the partnership and to recover a balance that he claimed to be due him.

There was judgment in the District Court in favor of the plaintiff for $293.01 and costs, from which judgment defendant has appealed. Plaintiff answered the appeal and asked that the amount of the judgment be increased.

### OPINION

The undisputed facts in the case are that the plaintiff, E. V. Durbin, found a small tract of standing timber in East Carroll parish, Louisiana, belonging to Yancy Bell, which could be purchased for the sum of $500.00, and he induced the defendant, Williams, to enter into a partnership with him for the purpose of purchasing this timber and cutting, logging and selling the same, with the agreement and understanding that, after deducting all expenses, the net profits should be divided equally between them, and, further, that it was originally agreed that Durbin, the plaintiff, should have personal charge of the cutting and logging the timber and was to procure the necessary teams and wagons with which the logs

were to be hauled; and that subsequently it developed that plaintiff was not able to procure the necessary teams and laborers and that defendant, who owned wagons and teams then in Arkansas, took over the cutting and logging of the timber, sold the same, paid the expenses out of the proceeds of the sale and paid plaintiff one-half of the net profits according to his method of calculation; and, further, that Williams, who was entrusted with the sale of the timber was to account to the partnership for $10.00 per thousand feet for the logs sold and that all over that amount which the logs brought was to be retained by him to compensate him for the extra trouble and expense in bringing his teams from Arkansas and for his personal supervision of the work.

The judge of the lower court found that the amount of timber cut and sold by Williams was 545,014 feet and his finding on that point is not contested by either party. The items of expense for cutting the timber at $1.00 per thousand, the hauling thereof at $3.50 per thousand for some, $4.00 per thousand for some, and $4.50 per thousand for the balance, paid and deducted by defendant, are not contested. The item of $196.00, expense for building bridges, dams and roads, was allowed by the lower judge and we think correctly. He disallowed an item of $30.00 for defendant's expenses to Vicksburg, and there seems to be no contention by defendant that his finding on that point was not correct.

But defendant charged against the partnership $556.03 for "extra haul expense on camp outfit", which the court disallowed, and it is over this item that the dispute in the last analysis mainly hinges.

There is another item of $139.00 "extra expense for tools, transporting hands, etc., 25c per M ft.", which the court allowed and which plaintiff now contends was error.

So that the case is narrowed down to this:

Plaintiff claims that the court erred in allowing defendant to deduct the item of $139.00 for extra expense for tools, transporting hands, etc., and defendant contends that the court erred in disallowing the item of $556.03 for extra haul expense on camp outfit.

We think the court did not err in allowing the $139.00 item, and correctly deducted the item of $556.03.

The defendant, Williams, testified that after Durbin, the plaintiff, found that he could not procure the necessary teams to haul the timber, Durbin suggested to him, Williams, that he use his own teams for that purpose, and "I told Mr. Durbin that I could not put my outfit as cheap as he offered. He asked me what I could do it for. I told him I would have to have $1.00 per thousand on each piece of log hauled either by my teams or other teams and would take 25c extra per thousand for cutting, furnishing tools, and so on, and he said that would be satisfactory".

It was agreed that Williams should account to the partnership for only $10.00 per thousand feet for the logs sold and Durbin, the plaintiff, says he did agree that Williams should have $1.00 per thousand feet extra on account of his having to move his wagons, teams, etc. But he says that Williams told him he was getting $11.00 per thousand feet for the timber and that the agreement was that Williams should retain the extra dollar per thousand feet to compensate him for his extra trouble.

Williams contends, on the contrary, that the extra dollar per thousand feet which he was to get was to come out of the price of $10.00 per thousand feet for which he was to account to the partnership, but he does not explain upon what theory he was allowed to sell the timber for $11.00 per thousand feet and account

to the partnership for only $10.00 per thousand.

It developed on the trial of the case that Williams actually received $12.00 per thousand feet for the logs instead of $11.00 per thousand, but plaintiff makes no contention that he should be settled with according to the former price.

Our conclusion is that Durbin's version of the contract is correct and that Williams was permitted to retain the extra dollar per thousand feet in order to compensate him for the trouble and expense of moving his teams, etc. That, we think, is the reasonable view to take, otherwise why should Durbin agree that the partnership should get only $10.00 per thousand feet when he knew that Williams was getting $1.00 per thousand more than that?

The District Judge put that construction upon the contract, and we think he made no error in doing so.

Our conclusion on this point is greatly strengthened by defendant's admission in his answer as follows:

"* * * and admits that plaintiff and respondent were to divide the profits equally between them."

And counsel for defendant concedes that point.

The profit on the deal was the difference between the cost of the timber and all expenses in logging it and the price for which it was sold. The selling price was $11.00 per thousand feet. Williams told Durbin so and we are unable to understand why Durbin should consent for Williams to retain the extra dollar per thousand feet except upon the theory that it was to be retained to compensate him for his extra trouble.

Learned counsel for defendant argued before the court orally and stresses the point in brief that the agreement that Williams should account to the partnership

for only $10.00 per thousand feet was made prior to the time that Durbin found out that Williams was getting more than that for the timber, and. that Durbin agreed that the extra amount should come out of the $10.00 per thousand price.

But the testimony fails to convince us that that is true.

The district judge found that the item of $556.03 was incorrectly charged to the partnership by Williams and gave plaintiff judgment against defendant for one-half of that amount. Plaintiff moves that the judgment be amended so as to disallow the 25c per thousand feet for saws, etc., charged on defendant's account and allowed by the lower court. The testimony of the plaintiff is to the effect that they paid $1.00 per thousand feet for cutting the timber and that the saws and other tools were to be furnished by the partnership. On page 13 of the testimony the plaintiff testified:

"Saws and tools were to be furnished by us."

There is no serious contention that the amount deducted was excessive.

For the reasons assigned, it is therefore ordered, adjudged and decreed that the judgment appealed from be affirmed at appellant's cost.